[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION RE:MOTION FOR JUDGMENT OF DISMISSAL] CT Page 4744
This matter was tried before the court on April 20, 1994, and after the plaintiff produced his evidence, the defendant moved for a judgment of dismissal, which the court granted.
The plaintiff here proceeded on Count Two of his substituted complaint, dated February 3, 1993, against the defendant, Richard Smith, permittee of Duffy's Tavern. The plaintiff had previously withdrawn his action against the other defendants, Larry Noss, Jr. and Vincent J. Tata. The claim against this defendant arises out of alleged violation of the so-called "dram shop act", § 30-102 of the Connecticut General Statutes.
The plaintiff was injured while riding as a passenger in an automobile operated by one Larry Noss, Jr., at about 1:00 a.m. on April 6, 1992, when the automobile driven by Noss was driven into a telephone pole, which did, in fact, cause the plaintiff personal injuries. The plaintiff alleges in Paragraph 2 of the Second Count of his substituted complaint that the said Larry Noss, Jr. was sold alcoholic liquor while he was intoxicated as a customer or patron of Duffy's Tavern. The defendant, Smith, admits that he was the permittee of Duffy's Tavern, and there is no question that Mr. Noss was a patron of Duffy's Tavern on the night of April 5, 1992, and that Noss did consume alcoholic beverages at that tavern.
The issue in this case was whether there was sufficient evidence to sustain plaintiff's burden to survive a motion to dismiss that Mr. Noss was intoxicated while he was a customer or patron at Duffy's Tavern. The plaintiff produced without objection the deposition of Larry Noss, Jr., who testified that he did arrive at Duffy's Tavern at about 6:30 in the evening of April 5, 1992, and between that time and the time he left that establishment, at approximately 12:30 a.m., did consume between eight (8) to ten (10) beers. In that deposition testimony, Mr. Noss testified that he and the plaintiff, Mr. Deptula, left Duffy's Tavern, and then went to another care, known as the Rubber Avenue Cafe, where he consumed another beer and one (1) shot of hard liquor. Mr. Noss then stated in his deposition that at closing time, approximately 1:00 a.m., in the early morning hours of April 6, 1992, that he intended to drive the plaintiff, Mr. Deptula, home, and in route, his vehicle struck a telephone pole, which caused injuries to both him and his passenger, the plaintiff. The plaintiff produced the hospital CT Page 4745 record of Mr. Noss, which indicated that at 2:00 a.m., his blood alcohol level was at .275.
Mr. Deptula testified in court on direct examination that he arrived at Duffy's Tavern for a "dart" party at 2:00 p.m. on April 5, 1992, and that between that time and the time when the "dart" party ended, which occurred simultaneously with the time the beer kegs ran dry, he had approximately four (4) or five (5) beers per hour, or a total of thirty (30) beers at that point (9:00 p.m.). Thereafter, (after 9:00 p.m.) he purchased beer until the time that he and Mr. Noss left, at approximately 12:00 a.m., and he estimates that he continued to have four (4) or five (5) beers per hour, or an additional sixteen (16) beers.
According to my calculations, in accordance to Mr. Deptula's testimony, the plaintiff consumed forty-six (46) beers from the time he arrived at Duffy's Tavern until the time that he and Mr. Noss left that establishment at approximately 12:00 or 12:30 a.m. on April 6, 1992. Mr. Deptula acknowledges that Mr. Noss arrived at Duffy's at about 6:00 p.m., and that he also consumed four (4) or five (5) beers per hour before they left at sometime after midnight on April 6, 1992.
On direct examination, Mr. Deptula testified that at the time he and Mr. Noss left Duffy's Tavern, Mr. Noss was intoxicated. He testified that Mr. Noss' eyes were droopy, which was a sign that Mr. Noss was intoxicated. On cross-examination, however, Attorney Moore, representing the defendant, Mr. Smith, questioned Mr. Deptula about a previous deposition in which he testified under oath that at the time Mr. Noss left Duffy's Tavern, it was Mr. Deptula's opinion that he was not intoxicated. Mr. Deptula acknowledged the fact that if he did previously testify that it was his opinion that at the time Mr. Noss left Duffy's Tavern, he was not intoxicated. The plaintiff rested his case after the testimony of Mr. Deptula.
Thereafter, the defendant moved for a judgment of dismissal, claiming that the plaintiff had failed to prove that at the time Mr. Noss left Duffy's Tavern that he was intoxicated or that at any time prior thereto, he was served alcoholic liquor while he was intoxicated. The only evidence presented concerning the intoxication of Mr. Noss while he was a patron at Duffy's Tavern, was the inconsistent testimony of the plaintiff, which the court does not find to be credible. At Mr. Deptula's deposition, he testified that Mr. Noss was not intoxicated when CT Page 4746 he left Duffy's Tavern, and then changed his testimony at the time of trial.
Based on the inconsistencies of plaintiff's testimony, the court does not find his testimony regarding the intoxication of Mr. Noss to be credible. In addition, the court questions any judgment the plaintiff could make relative to the intoxication of Mr. Noss after the amount of alcoholic liquor he had consumed prior to the time he and Mr. Noss left Duffy's Tavern. There was no credible testimony as to whether Mr. Noss was, in fact, intoxicated at any time prior to his leaving Duffy's Tavern.
General Statutes § 39-102 (Dram Shop Act) provides that "[i]f any person, by himself or his agent, sells any alcoholic liquor to an intoxicated person, and such purchaser, in consequence of such intoxication, thereafter injures the person or property of another, such seller shall pay just damages to the person injured."
A seller of alcohol is strictly liable under the dram shop act if the plaintiff can prove that "`there was (1) a sale of intoxicating liquor (2) to an intoxicated person (3) who, in consequence of such intoxication, caused injury to the person or property of another.'" [American Universal Ins. Co. v.DelGreco], 205 Conn. 178, 199, 530 A.2d 171 (1987), quoting [Sanders v. Officers Club], 196 Conn. 341, 349,493 A.2d 184 (1985). "`The delict defined by § 30-102 is not the sale of liquor to create a condition of intoxication. It is rather the sale of liquor to one who is already intoxicated. No causal relation between the sale and injury is required.'" (Emphasis omitted.) Id., 198-99, quoting [Sanders v. Officers Club], supra 348-49. The plaintiff bears the burden of proof on establishing that the defendant sold alcohol to an already intoxicated person. [Sanders v. Officers Club], supra 351.
The court finds that the plaintiff has failed to sustain its burden of proving that Larry Noss, Jr. was intoxicated at the time that he purchased alcohol at Duffy's Tavern. The court, therefore, grants the defendant's motion for judgment of dismissal.
/s/ Pellegrino, J. PELLEGRINO CT Page 4747